United States District Court
Southern District of Texas
**ENTERED**
February 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARLENE ANDUHA, (BOP #10421-022), § § § *Petitioner*, § § vs. § CIVIL ACTION NO. H-24-3466 § TANISHA HALL, Warden, § § § *Respondent*. § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Marlene Anduha, (BOP #10421-022), is currently incarcerated at Federal Prison Camp Bryan (FPC Bryan). She filed a petition and an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of her First Step Act (FSA) time-credits and her anticipated placement when she is released from prison. (Dkt. 6). The Court ordered Warden Hall to answer the amended petition, (Dkt. 7), and she responded with a motion to dismiss and/or for summary judgment, supported by authenticated records. (Dkt. 13). Anduha did not file a response, and her time to do so has now expired. Having reviewed the petition and amended petition, the motion, all matters of record, and the law, the Court determines that Warden Hall's motion should be granted, and Anduha's petition and amended petition should be dismissed without prejudice. The

reasons are explained below.

## I.   BACKGROUND

In 2021, Anduha was charged in Hawaii federal court with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. (Dkt. 6, p. 12). On September 15, 2022, she was sentenced to 70 months in prison followed by 5 years of supervised release. (*Id.*). She was given jail credit against her sentence for the time she spent in custody from the date of her arrest on October 21, 2021, until entry of judgment on September 14, 2022. (*Id.* at 13).

On September 13, 2024, Anduha filed a § 2241 petition, alleging that her sentence was being administered improperly because she was being denied FSA credits that she alleged she earned while she was detained at the Hawaii Federal Detention Center (Hawaii FDC) before she arrived at FPC Bryan. (Dkt. 1). She also alleged that if she were awarded those credits, she would be entitled to immediate release to a halfway house or home confinement. (*Id.* at 1-2).

In her amended petition, Anduha alleges that she has been improperly denied FSA credits that she earned between the date of sentencing and when she arrived at FPC Bryan. (Dkt. 6, p. 6). She alleges that she was engaged in FSA programming while at the Hawaii FDC and so should have earned FSA credits during that time. (*Id.*). She also alleges that her anticipated placement upon release at a halfway house in California is inappropriate because she will have no family support there. (*Id.*).

2/11

She contends that she should be released to home confinement in Hawaii because that is where she has family and support. (*Id.*). Anduha asks this Court to order her immediate release from FPC Bryan and transfer to home confinement in Hawaii. (*Id.* at 7). Anduha attached several documents to her amended petition, including an FSA time-credit assessment dated October 8, 2024, and copies of administrative remedy forms she alleges that she filed. (*Id.* at 9-20).

Warden Hall responded to Anduha's amended petition with a motion to dismiss and/or motion for summary judgment. (Dkt. 13). Warden Hall also filed the affidavit of FPC Bryan Case Management Coordinator Tanya Smith, along with authenticated records concerning Anduha's administrative remedy requests. (Dkts. 13-1, 13-2). Warden Hall asserts that these records show that Anduha did not exhaust her available administrative remedies before filing her § 2241 petition. (Dkt. 13, pp. 5-10).[1] Anduha did not respond to Warden Hall's motion, and her time to do so has now expired.

---

[1] Warden Hall also argues that Anduha's motion should be denied on the merits because the Bureau of Prisons has properly calculated and awarded Anduha's FSA credits. (Dkt. 13, pp. 10-21). Given Anduha's undisputed failure to exhaust her administrative remedies, and because a conflict in the law exists concerning the proper start-date for earning FSA credits, *compare Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213 (D.N.H. 2023), *with Stevens v. Jacquez*, No. 3:23-cv-01482-AA, 2024 WL 3200546 (D. Or. June 25, 2024), the Court declines to reach the merits of Anduha's claims.

## II.   DISCUSSION

### A.   The Nature of Warden Hall's Motion

Warden Hall has titled her motion as a motion to dismiss and/or for summary judgment. (Dkt. 13). These are different procedural vehicles, but either may be used to test the sufficiency of a petitioner's claims.

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are appropriate when the defendant contends that the pleading fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To properly state a claim upon which relief can be granted, the petitioner must allege "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

While "the pleading standard Rule 8 announces does not require detailed factual allegations, it demands more than labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (cleaned up). In determining whether a pleading meets this standard, "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court may not consider other evidence or documents in ruling on a Rule 12(b)(6) motion. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the petition

itself must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the petition does not include "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Twombly*, 550 U.S. at 570.

On the other hand, summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). When a party relies on evidence outside of the petition to assert its entitlement to dismissal, the motion is properly considered as one for summary judgment. *See Pryor v. Wolfe*, 196 F. App'x 260, 262 (5th Cir. 2006) (per curiam).

When considering a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party moving for summary judgment "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (cleaned up). If the moving party satisfies this burden, the burden shifts to the nonmoving party to point to record evidence that supports a

conclusion that genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not avoid summary judgment by relying on the allegations or denials in pleadings or on unsubstantiated assertions. *See Anderson*, 477 U.S. at 256; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the nonmoving party fails to show that disputed issues of fact exist as to every element essential to the case on which she bears the burden of proof, summary judgment may be granted in favor of the moving party. *See Celotex*, 477 U.S. at 322-23.

In this case, Warden Hall seeks relief under either Rule 12(b)(6) or Rule 56. Because Warden Hall's motion relies in large part on the authenticated documents she attached to it, the Court will consider her motion as one for summary judgment under Rule 56.

### B.  Anduha's Claims are Unexhausted

Warden Hall argues that Anduha's amended petition should be dismissed because she failed to exhaust the administrative remedies available to her through the Bureau of Prisons before filing her habeas petition.

The law is well settled that a prisoner must exhaust all available administrative remedies before challenging the administration of his or her sentence in a federal habeas petition. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam);

*Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion doctrine requires the prisoner to "fairly present all of his claims" through all steps of the available administrative remedy process before pursuing federal habeas relief. *Dickerson v. State of La.*, 816 F.2d 220, 228 (5th Cir. 1987). Prisoners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust her available administrative remedies before filing a habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

Relevant to a claim for FSA credits, the Bureau of Prisons provides a four-step administrative remedy process through which prisoners can present a complaint. *See* 28 C.F.R. §§542.10–542.18.² In the first step, the prisoner presents the issue to staff at the facility where she is housed using a BP-8 form, and staff attempts to informally resolve the issue. *See* 28 C.F.R. § 542.13(a). If the issue is not resolved to the prisoner's satisfaction, the second step is for the prisoner to file a formal Administrative Remedy Request with the warden using a BP-9 form. *See* 28 C.F.R. § 542.14(a). The warden has 20 days in which to respond to the request, but this

---

²Warden Hall provided documentation concerning the administrative remedy process in the affidavit from FPC Bryan Case Management Coordinator Smith attached to her motion. (Docket Entry Nos. 13-1, 13-2).

time may be extended once for an additional 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the request is deemed denied. *Id.* If the prisoner is not satisfied with the warden's response, or if the prisoner does not receive a response within the permitted time, the third step requires the prisoner to appeal to the Regional Director within 20 days by submitting a BP-10 form. *See* 28 C.F.R. § 542.15(a). The Regional Director has 30 days in which to respond to the appeal, but this 30-day period may be extended once for another 30 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* If the prisoner is not satisfied with the Regional Director's response, the final step requires the prisoner to appeal within 30 days of that response to the Office of General Counsel using a Central Office Administrative Remedy Appeal BP-11 form. *See* 28 C.F.R. § 542.15. That Office has 40 days in which to respond to the appeal, and this 40-day period may be extended once by 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* The appeal to the Office of General Counsel is the final administrative remedy step provided by the Bureau of Prisons. *Id.*

The evidence provided by both Anduha and Warden Hall shows that Anduha failed to fully exhaust her administrative remedies before filing her amended

8/11

petition. The documents Anduha attached to her amended petition show that she started the administrative remedy process by submitting an informal request on a BP-8 form on May 28, 2024. (Dkt. 6, p. 15). In that request, she asked only for her "RRC/HC paperwork" to be processed because she contended that she was within 30 days of her projected eligible date. (*Id.*). Anduha did not assert that her FSA credits were being improperly calculated or applied. (*Id.*). However, in a June 10, 2024, email to Unit Management staff, Anduha asserted that she was told by her case manager that she needed to "fix" her time. (*Id.* at 16). In a later undated email to a "Mr. Patterson," Anduha states that she should be entitled to FSA credits for the "time that I was incarcerated in Hawaii . . . after my sentencing." (*Id.* at 17). Anduha did not include any documents showing that she ever received a response.

Anduha also attached to her amended petition a completed Request for Administrative Remedy using form BP-9 that is dated June 29, 2024. (Dkt. 6, p. 20). In this request, Anduha asserted that she should have been awarded FSA credits beginning from the date of her incarceration on October 21, 2021. (*Id.*). She seems to allege that she was eligible for FSA credits before her trial and before her sentencing because she was being held in a BOP facility. (*Id.*). This document does not show that it was ever submitted to the Warden or accepted by BOP. (*Id.*). And Anduha did not provide any documents showing that she pursued her remaining administrative remedies by submitting either a BP-10 or BP-11 form before she filed

9/11

her § 2241 petition.

The authenticated records filed by Warden Hall show that FPC Bryan has no record of receiving the BP-9 from that Anduha allegedly completed. (Dkts. 13-1, 13-2). Further, there is no evidence that Anduha ever pursued either of the remaining steps of the administrative remedy process by filing either a BP-10 or BP-11 form. (*Id.*). Anduha did not respond to Warden Hall's motion.

Viewing the summary judgment evidence in the light most favorable to Anduha as the nonmoving party, the Court cannot conclude that she has met her burden to show that there are factual disputes material to the issue of whether she properly and fully exhausted her available administrative remedies before filing her habeas petition. Anduha does not allege that she pursued her administrative remedies through all the steps of the administrative remedy process by filing either a BP-10 Administrative Remedy Appeal or a BP-11 Central Office Administrative Remedy Appeal. She also offers no documentary evidence to show that she pursued her complaint beyond the Administrative Remedy Request BP-9 step. By voluntarily stopping the pursuit of her available administrative remedies before attempting all the steps of that process, Anduha has not exhausted those remedies. *See Wright*, 260 F.3d at 358. And because she filed her § 2241 petition before pursuing all the available steps of the administrative remedy process, she has not met the exhaustion requirement. *See Fuller*, 11 F.3d at 62. Anduha's petition must

be dismissed without prejudice for lack of exhaustion.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion to dismiss and/or for summary judgment, (Dkt. 13), is **GRANTED**.

2. Anduha's petition and amended petition, (Dkts. 1, 6), are **DISMISSED without prejudice** for failing to exhaust administrative remedies.

3. Any pending motions are **DENIED as moot**.

4. No certificate of appealability will issue from this decision. *See Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010) ("[A] COA is not required to appeal the denial of a § 2241 petition." (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000))).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on _____Feb 21_____, 2025.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE